IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RENEE GILLIESPIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 09-2092-CM-GBC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423(hereinafter the Act). In response to plaintiff's Social Security Brief (Doc. 12)(Pl. Br.), the Commissioner filed a "Motion to Remand" with a "Memorandum in Support" thereof. (Docs. 17, 18). Plaintiff filed a response to the Commissioner's motion, (Doc. 19)(styled "Plaintiff's Reply Brief")(hereinafter Pl. Response), and the Commissioner filed a reply. (Doc. 20)(hereinafter Comm'r Reply). Briefing having been completed, the matter is before the court for a report and recommendation. The court recommends the Commissioner's motion be GRANTED, the decision be REVERSED, and

judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

## I. Background

Plaintiff's application for DIB was denied initially, upon reconsideration, and by an administrative law judge (ALJ) after a hearing. (R. 18-24). Plaintiff sought and was denied review by the Appeals Council, so the ALJ's decision is the final decision of the Commissioner subject to the court's review. (R. 4-7, 14); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). In her Social Security Brief, plaintiff claimed the Commissioner erred in evaluating her past relevant work at step four of the sequential evaluation process, in evaluating her severe impairments at step two, and in failing to consider her impairments in combination thereafter. (Pl. Br. 10-16).

The Commissioner did not file a responsive brief, but instead, filed a "Motion to Remand" with a memorandum in support. (Docs. 17, 18). In his memorandum, the Commissioner conceded that "remand was appropriate for full consideration of the nature and severity of Plaintiff's mental impairment, and for further evaluation of the mental and physical demands of Plaintiff's past relevant work." (Comm'r Mem. 1). Therefore, he sought remand, and asserted that the ALJ on remand would be instructed to consider the nature and severity of plaintiff's mental impairment (step two and thereafter), and to compare plaintiff's RFC with

the mental and physical demands of plaintiff's past relevant work (step four). Id.

Plaintiff opposed the Commissioner's motion to remand in her responsive brief. She explained that while this action was pending before the court, plaintiff had filed another application for disability benefits which had been granted, and she was awarded benefits effective the day following the ALJ's decision in this case. (Pl. Response 1). She argues that further evaluation is unnecessary, that the subsequent favorable decision constitutes the Commissioner's reevaluation of plaintiff's mental impairment, and that "the existing record establishes that she has been disabled since her onset date of July 26, 2005 and that a remand hearing would only further delay her receipt of needed benefits." Id. at 2.

In his reply brief, the Commissioner reminds the court that the only evidence which might properly be considered by this court is the administrative record of the Commissioner's proceedings on this application. (Comm'r Reply 1-2). He argues that the court's review is limited to the period at issue here, from plaintiff's alleged onset date, July 26, 2005, through the date of the decision below, May 29, 2008. Id. at 2. He explains his view that the subsequent award of benefits does not necessarily indicate that plaintiff was disabled during the earlier period relevant here. Id. He admits that the ALJ erred

in his step two and step four evaluations, and that remand is necessary for a proper evaluation, but does not concede that plaintiff was disabled during the period at issue. Id. at 2-3.

**II. Analysis**

Both parties agree that the ALJ erred in his step two and step four evaluations. However, as the Commissioner argues, the court's decision must be based only upon the transcript of the record before the Commissioner of Social Security. 42 U.S.C. § 405(g)(fourth sentence); Ohler v. Sec'y of Health, Ed. and Welfare, 583 F.2d 501, 505 (10th Cir. 1978)("We hold that evidence outside the record which was presented to the administrative law judge may not be considered in judging whether the decision was based upon substantial evidence."); Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1503 (10th Cir. 1992)(noting that summary judgment is problematic in Social Security case "because 'district courts in § 405(g) cases may not consider evidence outside the administrative record'")(quoting Flores v. Heckler, 755 F.2d 401, 403 (5th Cir. 1985)). Therefore, the evidence presented by plaintiff and suggesting that the Commissioner has subsequently determined plaintiff's mental impairment meets Listing 12.04 is irrelevant to the court's consideration here.

In her Social Security Brief and her Response Brief to the Commissioner's motion, plaintiff asks the court to reverse the

decision below and remand for an immediate award of benefits for the period relevant here. (Pl. Br. 18); (Pl. Response 2). As plaintiff's request implies, the decision whether to remand for an immediate award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006)(quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1997); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

However, beyond her irrelevant appeal to the subsequent finding that plaintiff's mental impairment meets Listing 12.04, plaintiff makes no attempt to show that substantial and

uncontradicted evidence on the record as a whole indicates that plaintiff's mental impairment met the listing during the period at issue here. In fact, plaintiff's only other specific argument with regard to her mental impairment during the relevant period is that it has more than a minimal effect on her ability to perform basic mental work activities and "should have been considered a severe impairment." (Pl. Br. 16). This is a far cry from arguing that the record evidence is clear that plaintiff's condition met Listing 12.04 during the relevant time period in the decision under review.

The Commissioner admits the decision below is erroneous, and asserts that remand is necessary for further proceedings. Plaintiff has failed to establish that remand for immediate award of benefits is appropriate under the circumstances. Alternatively, plaintiff asks the court to limit the scope of the Commissioner's review on remand to the period from July 26, 2005 through the date of the decision below, May 29, 2008. (Pl. Response 2). The Commissioner does not respond to this argument.

The court's jurisdiction is limited by statute to the final decision issued May 29, 2008. That is the only decision being reversed and remanded, and the only decision at issue. Nonetheless, the court notes that the Commissioner is charged with the responsibility to review whether disability continues, and such review is conducted in accordance 20 C.F.R. §§ 404.1589

and 404.1590.  The court assumes the Commissioner fulfills his responsibilities without bias or retaliation, and it would be inappropriate for the court to attempt to intrude into the Commissioner's decision-making process.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's motion (Doc. 17) be GRANTED, the decision be REVERSED, and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings as suggested in the Commissioner's memorandum in support of his motion to remand.  Plaintiff may make further arguments, if necessary, on remand.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>9th</u> day of February 2010, at Wichita, Kansas.

s:/   Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**